IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

MOASIS, LLC, D/B/A OASIS RESTAURANT
AND DELIVERY, an Ohio Corporation, and its
successors; ZUMMA MANAGEMENT GROUP,
LLC, an Ohio Corporation, and its successors; and
MOYAD DARI, an individual,

    Defendants.

Civil Action File No.

3: 18-cv-1610

COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, MOASIS, LLC, D/B/A OASIS RESTAURANT AND DELIVERY, an Ohio Corporation, and its successors; ZUMMA MANAGEMENT GROUP, LLC, an Ohio Corporation, and its successors; and MOYAD DARI, an individual (hereinafter collectively "Defendants"), from violating the provisions of Sections 6 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter "the FLSA"), pursuant to Section 17 of the FLSA, 29 U.S.C. § 217; and to recover unpaid minimum wage compensation owing to Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

**DEFENDANTS**

a. Defendant Moasis, LLC, d/b/a Oasis Restaurant and Delivery, ("Moasis"), is an Ohio corporation incorporated in 2010 and was, until December 31, 2016, engaged in business as

a full service restaurant. At all times hereinafter mentioned until December 31, 2016, it had a primary place of business at 1424 E. Wooster St., Bowling Green, OH 43402, in Wood County within this court's jurisdiction. It is, and at all times hereinafter mentioned until December 31, 2016 was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

b. Defendant Zumma Management Group, LLC ("Zumma"), is an Ohio corporation incorporated in 2012. It has and at all times hereinafter mentioned had a primary place of business at 3303 Dorr St, Toledo, OH 43607, in Lucas County within this court's jurisdiction. At all times hereinafter mentioned until December 31, 2016, it was the sole owner of Defendant Moasis. It is and at all times hereinafter mentioned was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

c. Defendant Moyad Dari ("Dari"), an individual, resides at 4925 Valencia Drive, Toledo, OH 43623, in Lucas County within this court's jurisdiction. At all times hereinafter mentioned until December 31, 2016, he was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). At all times hereinafter mentioned until July 23, 2016, Dari was a 51% shareholder of Zumma. At all times hereinafter mentioned from July 23, 2016 onwards, Dari was and is the sole owner of Zumma. At all times hereinafter mentioned until December 31, 2016, Dari actively supervised the day-to-day operations and management of Moasis in relation to its employees, including but not limited to determining employees' compensation. Dari acted directly or indirectly in the interest of Moasis in relation to its employees.[1]

---

[1] Dari filed for personal bankruptcy on November 22, 2017 in the U.S. Bankruptcy Court, Northern District of Ohio, Case No. 17-33654. Because the Secretary is prosecuting this civil action pursuant to the Department of Labor's police and regulatory power under the FLSA, the Secretary's action is "an action or proceeding by a governmental unit. . . to enforce such governmental unit's. . . police or regulatory power," and is excluded from the operation of the automatic

# I

a. Jurisdiction is conferred upon the Court by FLSA §§ 16(c) and 17, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. § 1345.

b. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as Moasis and Zumma had primary places of business in this Judicial District and Dari resides in this Judicial District.

# II

a. At all times hereinafter mentioned until December 31, 2016, Defendants were engaged in related activities performed through unified operation or common control for a common business purpose and constituted an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 213(r).

b. At all times hereinafter mentioned until December 31, 2016, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

# III

---

stay provisions of the Bankruptcy Code pursuant to 11 U.S.C. Sec. 362(b)(4). The Secretary's efforts to enforce any monetary portion of any judgment obtained against Defendants will be consistent with the Bankruptcy Code.

    a. Defendants violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 215(a)(2), by employing some of their employees in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for wages at rates less than $7.25 per hour for workweeks from May 10, 2015 through December 31, 2016.  Specifically, Defendants improperly deducted the cost of uniforms from employees' pay, improperly deducted cash register shortages from cashier employees' pay, failed to pay delivery driver employees for breaks under twenty minutes, and failed to sufficiently reimburse delivery driver employees for vehicle expenses.  As a result of each of these violations, Defendants paid employees at less than the required minimum wage.

### IV

    a. During the period between May 10, 2015 and December 31, 2016, Defendants violated the aforesaid provisions of the FLSA.  A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage found by the court to be due to present and former employees under the FLSA is expressly authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    A. For an Order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in

active concert or participation with them, from violating provisions of § 15 of the FLSA, 29 U.S.C. § 215; and

B. For an Order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A;

C. For an Order granting costs and such other and further relief as may be necessary and appropriate.

DATE: 7/13/18

_____
**ADAM LUBOW (NY #4631412)**
Attorney for Complainant
U.S. Department of Labor
1240 E. 9th St. Rm. 881
Cleveland, Ohio 44199
(216)522-3876
KATE S. O'SCANNLAIN
Solicitor of Labor
CHRISTINE Z. HERI
Regional Solicitor
BENJAMIN T. CHINNI
Associate Regional Solicitor
MAUREEN CAFFERKEY
Counsel for Wage and Hour